Terry WILSON, Plaintiff,

v.

Leland WITTKE, Grant Fuhrman, Defendants.

No. 78–C–706.

United States District Court, E. D. Wisconsin.

Nov. 7, 1978.

Terry Wilson, pro se.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, proceeding pro se, commenced this action by filing a complaint and an affidavit of financial status in support of a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The request for leave to proceed in forma pauperis will be granted. However, since I believe the action is frivolous, the action will be dismissed under 28 U.S.C. § 1915(d).

Construing the complaint liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it appears that the plaintiff is a pre-trial detainee in the county jail in Racine. His state court trial is scheduled to begin on November 13, 1978. The plaintiff claims that he has requested access to legal materials, but the defendants, the chief jailer and the sheriff, refuse to afford him such access and have instructed him to speak with the state public defender about obtaining the legal materials requested. The plaintiff avers that he asked his attorney from the public defender's office for the legal materials in question a month ago, and the attorney stated "that he couldn't." The plaintiff also states that he wishes to represent himself "as a para-legal advocate." The defendants' acts are claimed to violate the plaintiff's right to access to the courts, in violation of 42 U.S.C. § 1983.

In *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1492, 52 L.Ed.2d 72 (1977), the court held that the

". . . fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." (emphasis supplied)

From the face of the complaint, it appears that the plaintiff is represented by counsel and therefore has adequate access to the courts. I therefore find that the plaintiff's claim that he is being deprived of access to the courts is clearly foreclosed by *Bounds v. Smith*, requiring that this action be dismissed.

Therefore, IT IS ORDERED that the plaintiff's request for leave to proceed in forma pauperis be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.